**JAMES B. BEAM DISTILLING COMPANY,**
Appellant,

v.

**DEPARTMENT OF REVENUE, Appellee.**

Court of Appeals of Kentucky.

March 1, 1963.

Rehearing Denied May 24, 1963.

Millard Cox, Louisville, for appellant.

William S. Riley, Paul D. Ross, Hal O. Williams, Dept. of Revenue, Frankfort, for appellee.

STEWART, Chief Justice.

This is an appeal by James B. Beam Distilling Company from a judgment of the

Franklin Circuit Court upholding a ruling of the Kentucky Tax Commission, which denied appellant's claim for a refund of taxes on distilled liquors. The sum of $5107.09 was paid to the Department of Revenue between September 1, 1959, and April 1, 1960, under the provisions of KRS 243.680(2), which reads:

"(a) No person shall ship or transport or cause to be shipped or transported into the state any distilled spirits from points without the state without first obtaining a permit from the department and paying a tax of ten cents on each proof gallon contained in the shipment.

"(b) No railroad company or express company shall receive for shipment or ship into this state any package or receptacle containing distilled spirits unless a copy of the permit, showing that payment of required taxes has been made, accompanies the shipment.

"(c) The permit shall be in the form prescribed by the department, and all shipments into the state shall be governed by the regulations promulgated by the department."

Appellant's position is this statute is unconstitutional because it conflicts with article 1, section 10, clause 2 of the Constitution of the United States, which reads:

"No State shall, without the Consent of the Congress, lay any Imposts, or Duties on Imports or Exports, except what may be absolutely necessary for executing it's inspection Laws; and the net Produce of all Duties and Imposts, laid by any State on Imports or Exports, shall be for the Use of the Treasury of the United States; and all such Laws shall be subject to the Revision and Controul of the Congress."

Appellant is the sole distributor in the United States of a brand of Scotch whisky called "Gilbey's Spey Royal." The whisky is produced in Scotland, received by appellant at its Kentucky plant at Clermont in Nelson County by direct shipment from Scotland, and then sold by it to its customers in the domestic markets throughout this country. The record shows, which is is not disputed, that this whisky is an import; that it has been brought in from another country; and that the tax was collected while the whisky remained in unbroken packages in the hands of the original importer and prior to resale or use by the importer.

Before appellant can bring this whisky into Kentucky, it must obtain a permit pursuant to KRS 243.680(2) (c); and, as a condition precedent to the issuance of the permit, it must pay a tax of 10¢ per proof gallon on the whisky to be imported.

■ Since the case of Brown v. Maryland, 12 Wheat. 419, 25 U.S. 419, 6 L.Ed. 678, the United States Supreme Court has held that the above-quoted constitutional provision, known as the "import-export clause," protects goods imported for sale while they are in their original packages and have not been sold or used by the importer. "Use" by the importer of such goods does not include their storage preparatory to sale. Storage does not cause the goods to lose their character as imports. This is true even if the goods, such as the liquor in the case at bar, will only be sold for delivery in Kentucky. See State ex rel. Morton Co. v. Board of Review, City of Milwaukee, et al., 15 Wis.2d 330, 112 N.W. 2d 914.

■ Even though the tax is denominated as something else, such as an occupational tax (Brown v. Maryland, supra), an excise tax (Richfield Oil Corporation v. State Board of Equalization, 329 U.S. 69, 67 S. Ct. 156, 91 L.Ed. 80), or an ad valorem tax (Hooven & Allison v. Evatt, 324 U.S. 652, 65 S.Ct. 870, 89 L.Ed. 1252), if, in fact, it is a tax on imports, as that term is interpreted by the Supreme Court of the United States, the levy is invalid. The tax in the case at bar is an occupational or license tax in

form, but appellant maintains it is nevertheless a tax on imports in fact.

■ Appellee argues that the Twenty-first Amendment to the Constitution of the United States has changed the rule regarding a state's right to tax imports. Section 2 of this amendment reads: "The transportation or importation into any State or Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited." This point has been dealt with by courts of other jurisdictions.

In the case of Parrot & Co. v. San Francisco, 131 Cal.App.2d 332, 280 P.2d 881, the City of San Francisco levied and collected an ad valorem property tax on some imported liquor which was still in its original unbroken packages, was stored in separate lots in warehouses and was undisposed of by the original importer by consignment or sale. That court held the second section of the amendment did not repeal the import-export clause of the Constitution of the United States insofar as intoxicating liquors are concerned. The opinion states:

"* * * [T]he two sections (of the amendment), in their application to foreign imported liquor, are quite clearly complementary. The import-export clause permits the federal government exclusively to regulate and tax all imports from foreign lands, including liquors, as long as they remain imports, but when the importation is completed and the liquor is being transported or imported into one of the states 'for delivery or use therein' the power of the state attaches. The obvious purpose of the Twenty-first Amendment was to preserve the intrastate jurisdiction of the states so as to grant constitutional protection to those states desiring to remain or to become 'dry.' "

That court concluded such imported liquor was not subject to the city's ad valorem tax. A similar ruling was handed down by the Supreme Court of Wisconsin in State v. Board of Review, City of Milwaukee, supra, where the City of Milwaukee undertook to assess for the purpose of city taxation certain wines and liquors imported directly from various foreign countries. That court held that the assessment on the wines and liquors still in the original packages, unconsigned and unsold, violated the import-export clause and was therefore void.

■ Appellee contends it has authority to impose the tax under the Webb-Kenyon Act. See U.S.C.A., Title 27, Chapter 6. We do not agree. The two sections of this Act bestow upon the several states the power either to prohibit the transportation of any and all liquors into a state, if that particular state happens to be "dry," or to regulate the traffic in liquors within a state, if that particular state is "wet." Clearly this Act does not by its language confer upon a state the right to tax liquors in contravention of the import-export clause of the federal Constitution; furthermore, it was not the purpose of this Act to accomplish that purpose. The case of Carter v. Virginia, 321 U.S. 131, 64 S.Ct. 464, 88 L. Ed. 605, relied upon by appellee to sustain its right to levy the tax under consideration, simply does not, in our view, uphold any such right or imply in any wise that the import-export clause of the Constitution of the United States may be ignored where the taxation of direct imports of foreign origin is involved.

■■ It cannot be said the tax in question is an inspection measure, as appellee seems to suggest. Neither KRS 243.680 (2), nor the regulation implementing this statute, provides for actual inspection of the imported whisky. Actual inspection must be provided for in order that the statute may come under the exception noted in the import-export clause of the federal Constitution. See 29 Am.Jur., Inspection Laws, sec. 4, pp. 369–370. Kentucky makes no independent inspection of imported distilled spirits, but accepts the inspection made by the Alcohol & Tobacco Tax Division of

the Bureau of Internal Revenue. See KRS 244.230.

In the final analysis, we conclude the language of KRS 243.680(2) makes it plain the incidence of the tax is the act of transporting or shipping the distilled spirits under consideration into this state. It is our opinion, under the facts presented and under the authority of the Wisconsin and the California cases, extensively referred to above, and the legal principles of both of which we adopt as the law of Kentucky, the whisky is not subject to the tax collected under KRS 243.680(2). It follows that appellant is entitled to the relief sought, namely, a refund of the amount heretofore paid.

Wherefore, the judgment is reversed and remanded for further proceedings not inconsistent with this opinion.